TAYLOR, J.
Appellant, Chase Manhattan Bank, USA N.A., appeals an order of the probate court denying its Objection to Petition for Order Striking Class 8 Claims and striking appellant’s claim against the estate of Patricia Silveira. Appellant contends that an otherwise valid claim may not be stricken solely because the estate is insolvent. We agree and reverse.
Patricia Silveira died intestate on January 24, 1999. Her husband, as personal representative, commenced administration of her estate. Appellant timely filed its Statement of Claim for $14,289.10, a remaining credit card balance. Appellant’s claim was properly labeled a Class 8 claim.[1] No objection was filed by the personal representative to appellant’s claim.
After partial payment of certain medical expenses and attorney’s fees, the estate’s funds were depleted. The personal representative then petitioned for an Order Striking Class 8 Claims, arguing that after partial satisfaction of the claims of higher priority, “the assets of the estate [were] depleted and the estate, therefore, [had] insufficient assets with which to pay any of the Class 8 claims.” He requested that the court strike the Class 8 claims so that he could be discharged as personal representative and the estate could be closed.
Appellant objected to the personal representative’s petition and claimed that insufficiency of assets was not a valid reason to strike a creditor’s claim. The probate court denied appellant’s objection and struck its claim. In its order, the court specifically ruled:
The claim being stricken is recognized as a valid timely filed non-objected to claim. It is being stricken solely due to the insolvency of the estate at the time of entry of the discharge order. In the event additional funds are recovered by the estate subsequent to discharge, then the otherwise valid claim shall be revali-dated and paid pursuant to the report of distribution. Furthermore and for clarification the motion to strike the claim of Chase Manhattan Bank is Granted.
The sole issue for this court to determine is whether a valid, timely filed, non-objected to claim may be stricken because the estate is insolvent at the time of discharge. We hold that it may not.
The Probate Code contains no provision allowing a personal representative to strike a claim due to insufficient assets in the estate. On the contrary, the code *772 recognizes the issue of insolvency, in part, by allowing for administration after discharge in the event that additional money is recovered by the estate. Section 733.903, Florida Statutes (1999), states:
The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters if other property of the estate is discovered or if it becomes necessary that further administration of the estate be had for any cause.
Thus, the Probate Code allows for the discharge of the personal representative while acknowledging the possibility of future administration. The fact that certain creditors have not yet been paid is no impediment to the personal representative obtaining a discharge. Though appellant may never actually receive payment of its claim due to a permanent depletion of estate assets, it was nevertheless error for the probate court to strike appellant’s claim and foreclose this creditor from the possibility of subsequent administration.
The probate court’s order grants appellant the ability to “revalidate” its claim and receive payment in accordance with the report of distribution. However, we see no reason to strike an otherwise valid claim and force a creditor to re-enter the probate proceedings in order to take part in subsequent administration. This ruling is prejudicial to appellant because it was the only Class 8 creditor to have its claim stricken. We therefore reverse the order of the probate court with directions to reinstate appellant’s Class 8 claim.
REVERSED and REMANDED.
WARNER and FARMER, JJ., concur.

. Pursuant to the Probate Code, Class 8 claims are of the lowest priority. Section 733.707, Florida Statutes (1999), provides:
(1) The personal representative shall pay the expenses of the administration and obligations of the estate in the following order:
(a) Class 1. — Costs, expenses of administration, and compensation of personal representatives and their attorneys’ fees.
(b) Class 2. — Reasonable funeral, interment, and grave marker expenses, whether paid by a guardian under s. 744.441(16), the personal representative, or any other person, not to exceed the aggregate of $6,000.
(c) Class 3. — Debts and taxes with preference under federal law.
(d) Class 4. — Reasonable and necessary medial and hospital expenses of the last 60 days of the last illness of the decedent, including compensation of persons attending him or her.
(e) Class 5. — Family allowance.
(f) Class 6. — Arrearage from court-ordered child support.
(g) Class 7. — Debts acquired after death by the continuation of the decedent's business, in accordance with s. 733.612(22), but only to the extent of the assets of that business.
(h) Class 8. — All other claims, including those founded on judgments or decrees rendered against the decedent during the decedent’s lifetime, and any excess over the sums allowed in paragraphs (b) and (d).